# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:22-cv-00347-TJH-DCK

| | | |
|---|---|---|
| **INTEGRIS COMPOSITES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **BARRDAY CORP.,** | ) | **ORDER** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |
| | ) | |

**THIS MATTER** is before the Court on defendant Barrday Corp.'s Motion to
Dismiss the Amended Complaint (ECF 33), the magistrate judge's Memorandum and
Recommendation ("M&R") (ECF 42), plaintiff Integris Composites' Objection to the
M&R (ECF 45), and other documents of record. For the reasons explained below, the
M&R is **ADOPTED** and the Motion to Dismiss is **GRANTED**.

## I. BACKGROUND

Neither party has objected to the magistrate judge's statement of the factual
and procedural background of this case. Therefore, the Court adopts the facts as set
forth in the M&R. See *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("[W]hen
objections to strictly legal issues are raised and no factual issues are challenged, de
novo review of the record may be dispensed with.").

## II. LEGAL STANDARDS

A district court may assign dispositive pretrial matters, including motions to

1

dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b)(1)(C); see Fed. R. Civ. P. 72(b)(3).

Barrday moves to dismiss the amended complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and for failure to state a claim under Rule 12(b)(6), as well as for an order requiring a more definite statement under Rule 12(e). Where a court considers a motion to dismiss for lack of personal jurisdiction "on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint," the question is whether the plaintiff has "ma[d]e a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). Similarly, under Rule 12(b)(6), the question is whether the complaint contains sufficient allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III.   DISCUSSION

The M&R recommends granting Barrday's motion to dismiss for lack of personal jurisdiction. Under Rule 72(b)(3), the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Integris objects to the magistrate judge's recommendation on the grounds that the Court does—in fact—have personal jurisdiction over Barrday.

2

There may have been an argument Barrday "waived" any personal jurisdiction defense by not including it in its motion to dismiss the initial complaint. See Fed. R. Civ. P. 12(h)(1); *Nichols v. Vilsack*, 183 F. Supp. 3d 39, 41 (D.D.C. 2016). But any such argument has itself been "doubly forfeited." *United States v. Gallagher*, 90 F.4th 182, 189 n.1 (4th Cir. 2024). Integris' opposition to Barrday's motion to dismiss argued that the motion should be denied on the merits, not that the magistrate judge or the Court should decline to consider the argument because it has been waived. Integris also did not make a waiver argument in its objections to the M&R. True, a footnote in the procedural history section notes that Barrday did not "raise the question of personal jurisdiction until *after* [a] previous Memorandum and Recommendation" issued in connection with Integris' original complaint and argues that this suggests the defense lacks merit. ECF 45 at 6 n.2. But, here too, Integris' objections never argue that the magistrate judge erred in considering Barrday's personal jurisdiction defense in the first place because that defense has been waived. Matters may be different if Integris were pro se. See *Folse v. Hoffman*, 122 F.4th 80, 84 (4th Cir. 2024) ("Trial courts are encouraged to liberally treat procedural errors made by *pro se* litigants." (alterations and quotation marks removed)). But Integris has been represented by counsel throughout this litigation, and it is not the Court's role to make represented parties' arguments for them. See *Dhruva v. CuriosityStream, Inc.*, 131 F.4th 146, 155 n.2 (4th Cir. 2025).

Having conducted a full, thorough, and independent review of the M&R and record, the Court concludes that the magistrate judge correctly concluded that the

Court lacks personal jurisdiction over Barrday. Integris' objections are thus overruled.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1.    The magistrate judge's M&R (ECF 42) is **ADOPTED;**

2.    Defendant's Motion to Dismiss the Amended Complaint (ECF 33) is **GRANTED;** and

3.    This action is **DISMISSED** without prejudice and the clerk is directed to close the case.

Signed: June 6, 2025

Toby Heytens
United States Court of Appeals Judge, sitting by designation[1]

---

[1] This designation was made by Chief Judge Diaz on February 12, 2025, under his authority to "designate and assign temporarily any circuit judge within the circuit . . . to hold a district court in any district within the circuit." 28 U.S.C. § 291(b).

4